■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ADAMES, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered June 21, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to two concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's sole claim on appeal is that he was subjected to double jeopardy. The first trial in this buy and bust case was a joint trial of defendant and a co-defendant. During that trial the co-defendant testified in connection with an alibi defense. On cross-examination, the prosecutor attempted to discredit the alibi testimony by asking a series of questions touching upon his right to remain silent. Objections to the line of questioning were sustained and prompt curative instructions were given. The defense nevertheless moved for a mistrial and the trial court reserved decision, allowing the trial to continue to verdict.

As no mistrial was declared, and as the jury found defendant guilty of the crimes charged, the trial court reconsidered defendant's application as a motion to vacate the judgment (CPL 440.10). The record supports the trial court's subsequent findings that the prosecutor's improper line of questioning and summation comment that the People's evidence against defendant was "uncontroverted" brought undue attention to defendant's failure to testify. Thus, the judgment was vacated on the ground that defendant's conviction was procured in violation of his constitutional rights (CPL 440.10 [1] [h]).

We note that the Justice presiding over the first trial further found that the inexperienced prosecutor did not act intentionally to provoke defendant into moving for a mistrial. Thus, even applying the double jeopardy review standards applicable to declarations of mistrial, as urged by defendant on appeal, a retrial was not barred by double jeopardy protections (see, Oregon v Kennedy, 456 US 667, 679). Concur— Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.